**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-00065-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Paul James Dellinger and Brian Luke Bonetto, | |
| Defendants. | |

A grand jury indicted Defendants Paul James Dellinger and Brian Luke Bonetto, both of whom worked as prison guards, on June 8, 2010. The indictment alleges that Defendant Dellinger tackled and punched an inmate, violating his rights under the color of law. Doc. 1; 18 U.S.C. § 242. It also alleges Defendant Bonetto witnessed the attack and that both Defendants failed to accurately report the incident and thereby obstructed justice in violation of 18 U.S.C. § 1519. Doc. 1. Both Defendants have filed motions to exclude oral and written statements they made in the aftermath of the incident. Docs. 33, 35. This order addresses, at the parties' request, the burden of proof the Court will apply at the suppression hearing.

In *Garrity v. State of New Jersey,* 385 U.S. 493 (1967), the Supreme Court held that, absent a knowing and voluntary waiver, incriminating statements made by law enforcement officers to other law enforcement officers under the threat of termination are inadmissible in a subsequent criminal trial. Defendants argue that the statements they made in the aftermath of the incident were coerced under the threat of job loss and should

therefore be excluded under *Garrity*. Defendants further argue that it is the government's burden to show that the statements were voluntary. Doc. 35 at 12 (citing *United States v. Crespo de Llano*, 838 F.2d 1007, 1015 (9th Cir. 1987)).

Although the government ordinarily bears the burden of proving the voluntariness of statements made to law enforcement officers, neither party has identified Ninth Circuit law addressing the burden of proof in the *Garrity* context. Several other circuits have held that a *Garrity* claim depends on a showing of coercion. *See*, *e.g.*, *United States v. Trevino*, 215 Fed. Appx. 319, 321 (5th Cir. 2007) ("Although the Supreme Court has not recently revisited the *Garrity* line of cases, a number of the circuits have focused on the 'coercion' issues emphasized by the Court in those cases, making it a claim dependent on such a showing.") (citing *United States v. Vangates,* 287 F.3d 1315, 1321-22 (11th Cir. 2002) (holding that the defendant's failure to show that her belief about coercion was objectively reasonable is fatal to her claim); *Chan v. Wodnicki,* 123 F.3d 1005, 1009-10 (7th Cir. 1997) ("[Plaintiff], who has the burden on [what actions can constitute coercion,] also has not been able to find such authority")) (some citations omitted). The D.C. Circuit has held that coercion exists when a defendant "in fact believed his . . . statements to be compelled on threat of loss of job and this belief [was] objectively reasonable." *United States v. Friedrick*, 842 F.2d 382, 395 (D.C. Cir. 1988).

The Court agrees that coercion is key to a *Garrity* claim, and finds the two-part test adopted by the D.C. Circuit in *Friedrick* to be reasonable. Because Defendants seek relief under *Garrity*, and the availability of that relief turns on their subjective beliefs and the objective reasonableness of those beliefs, the Court concludes that Defendants bear the burden of showing coercion – that they believed their statements to be compelled on threat of job loss and that their belief was objectively reasonable.

Dated this 18th day of July, 2013.

*David G. Campbell*
———————————————
David G. Campbell
United States District Judge