WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Paul James Dellinger and Brian Luke Bonetto,<br><br>    Defendants. | No. CR-13-00065-PHX-DGC<br><br>**ORDER** |

Defendants Paul James Dellinger and Brian Luke Bonetto worked at a federal correctional facility. The indictment alleges that Defendant Dellinger tackled and punched an inmate, violating his rights under color of law. Doc. 1; 18 U.S.C. § 242. The indictment alleges that Defendant Bonetto witnessed the attack, and that both Defendants failed accurately to report the incident and thereby obstructed justice in violation of 18 U.S.C. § 1519. Doc. 1. Defendant Bonetto has filed a motion to sever (Doc. 34) in which Defendant Dellinger has joined (Doc. 46). The motion is fully briefed, and no party has requested oral argument. The Court will deny the motion.

**A.   Misjoinder.**

Rule 8 of the Federal Rules of Criminal Procedure provides for the joinder of two or more offenses if (1) they are of similar character, (2) they are based on the same act or transaction, or (3) they constitute part of a common scheme or plan. Fed. R. Crim. P. 8(a). The validity of joinder under Rule 8(a) "is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir.1990). "Rule 8(a) is

to be interpreted broadly in favor of joinder." *United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir.1988).

The requirements of Rule 8 clearly are satisfied in this case. Defendant Bonetto is charged with obstructing justice when he failed to report accurately the details of an altercation between Defendant Dellinger and the inmate. The charges of obstructing justice against both Defendants arise from the altercation. Furthermore, to prove that Defendant Bonetto falsified his report about the incident, the government must prove what actually transpired. The facts of the altercation are thus an essential part of the charge against Defendant Bonetto, as they are of the charges against Defendant Dellinger. Joinder under Rule 8 is proper because the charges against both Defendants are of similar character and are based on the same event. Fed. R. Crim. P. 8(a).

### B.  Prejudice and Confrontation Arguments.

Defendant Bonetto argues that he will be prejudiced by evidence offered against Defendant Dellinger. While it is true that the government will offer evidence of the alleged assault against Defendant Dellinger, it must offer the same evidence against Defendant Bonetto to show that his description of the altercation was false. Because evidence of the altercation will be presented against Defendant Bonetto even in a separate trial, this argument provides no ground for severance.

Defendant Bonetto next argues that the admission of statements by his codefendant, who will not be subject to cross-examination in a joint trial, will violate the Confrontation Clause. *See Bruton v. United States*, 391 U.S. 123, 126 (1968). As the government notes, however, Dellinger's statements do not implicate Defendant Bonetto, and "a codefendant's statement that does not incriminate the defendant unless linked with other evidence introduced at trial does not violate the defendant's Sixth Amendment rights." *United States v. Hoac*, 990 F.2d 1099, 1105 (9th Cir. 1993).

### C.  Testimony of Codefendant.

Defendant Bonetto argues that part of his defense will be the testimony of Defendant Dellinger, and a joint trial will deny him access to that evidence and violate

1  his Sixth Amendment rights.  The Ninth Circuit has stated that "severance is rarely
2  granted on this ground."  *United States v. Hoelker*, 765 F.2d 1422, 1425 (9th Cir. 1985)
3  (citing *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978)).  The party moving for
4  severance on this basis must show that he or she would call the codefendant to testify,
5  that the codefendant would in fact testify, and that the testimony would be favorable to
6  the party.  *United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991).  He or she
7  must also show that the testimony would not be cumulative.  *Id*.

8  Defendant Bonetto states that he "needs Mr. Dellinger to testify on his behalf
9  about the coercive nature of the investigative questioning and that the Defendants did not
10 collude to make false statements."  Doc. 50 at 2.  Defendant Dellinger states that he
11 would call Defendant Bonetto "to provide exculpatory evidence regarding the
12 interactions between Defendant Dellinger and [the inmate]."  Doc. 46 at 2-3.

13 Defendant Bonetto has submitted an affidavit from his attorney, Joy Bertrand.
14 Doc. 51.  Ms. Bertrand states that she will advise her client not to testify in a joint trial,
15 but that "[i]f Mr. Bonetto were compelled to testify for Mr. Dellinger's case, I believe
16 Mr. Bonetto would offer exculpatory evidence[.]"  *Id*. at 1-2.

17 Defendant Dellinger has submitted an affidavit of his attorney, Daniel Raynak.
18 Doc. 55-1.  Mr. Raynak states that his client "would testify, if called to the stand, in a
19 separate trial for Mr. Bonetto, assuming the rules for cross examination were followed,
20 limiting cross to areas raised on direct.  Alternatively, he would testify if compelled to do
21 so by the Court."  Doc. 55-1 at 1-2.  Mr. Raynak states that the testimony would show
22 that the inmate made threatening comments and engaged in threatening action, and that
23 Defendants did not collude in their reports.  *Id*. at 2.

24 To obtain severance on the basis of their codefendant's anticipated testimony,
25 Defendants must show more than the "unsupported possibility" that their codefendant
26 would testify in separate trials.  *United States v. Hackett*, 638 F.2d 1179, 1187 (9th Cir.
27 1980); *United States v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989) (finding the assertion
28 that a codefendant was likely to testify "failed to make the necessary foundational

showing in support of [defendant's] severance motion."). Neither Defendant has directly stated an unqualified willingness to testify. Ms. Bertrand states that Defendant Bonetto would maintain his right to remain silent if he were called. Doc. 51 ¶ 5. She states her *belief* that her client would testify if he were compelled to do so, but never explains how Defendant Bonetto might be compelled. Doc. 51 ¶¶ 6-8. Neither the Court nor Defendant Dellinger can compel Defendant Bonetto to waive his Fifth Amendment right and testify.

Mr. Raynak's affidavit states that Defendant Dellinger would testify if compelled, but Defendant Dellinger has not shown how his testimony could be compelled. Mr. Raynak also imposes a condition on Defendant Dellinger's willingness to testify: "Mr. Dellinger would take the stand and testify *if* this Court limited the Government's cross examination to areas specifically covered on direct, which would not include the incident itself[.]" Doc. 55 at 2 (emphasis added). While the Court would limit cross examination to areas covered on direct, that fact provides no assurance that Defendant Dellinger could avoid testifying about the altercation at issue in this case. Ms. Bertrand's affidavit does not state that she would be willing to so limit her direct examination on behalf of Defendant Bonetto, and Defendant Dellinger's counsel does not control the questions she would ask on behalf of her client. More importantly, cross examination about the altercation might well be permitted even if Ms. Bertrand limited her direct examination to the areas identified by Mr. Raynak – the inmate's alleged threatening comments before the altercation, that Defendants did not collude in writing their reports, and that Defendants were pressured to write their reports quickly. Under Federal Rule of Evidence 610(b), cross examination may include the subject matter of the direct examination and matters affecting the witness's credibility. Because the reports in question concern the altercation, it is possible that cross examination about the reports would include questions about the altercation. In addition, the government might well choose to attack Defendant Dellinger's credibility on the lack of collusion by showing that his and Defendant Bonetto's reports misstate the same facts about the altercation, as

shown by the video footage of the altercation.[1]  Given the possibility that cross examination could inquire into the altercation, the affidavit of Mr. Raynak provides no assurance that Defendant Dellinger would testify at a separate trial.

In short, Defendants have not shown more than the "unsupported possibility" that their codefendant would testify in separate trials.  *Hackett*, 638 F.2d at 1187.  As a result, their desire for that testimony does not require severance.

**IT IS ORDERED** that the motion for severance (Doc. 34) is **denied.** Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 6/7/2013.

Dated this 19th day of July, 2013.

David G. Campbell
United States District Judge

---

[1] The Court has reviewed both Defendants' reports and the video footage in connection with this order.  *See* Docs. 39-2, 56-1.