**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-00065-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Paul James Dellinger and Brian Luke Bonetto, | |
| Defendants. | |

On June 8, 2010, a grand jury indicted Defendants Paul James Dellinger and Brian Luke Bonetto, both of whom worked as federal prison guards. The indictment alleges that Defendant Dellinger tackled and punched an inmate, violating his rights under the color of law in violation of 18 U.S.C. § 242. Doc. 1. It also alleges that Defendant Bonetto witnessed the attack and that both Defendants failed to report the incident accurately and thereby obstructed justice in violation of 18 U.S.C. § 1519. *Id.*

An initial trial on the charge against Defendant Bonetto resulted in a hung jury. The Court now is preparing to hold a second trial on the charges against both Defendants. On November 4, 2013, the Court heard oral arguments with respect to Defendant Dellinger on two motions in limine filed by the government before the first trial (Docs. 32, 36), and one filed in the last few weeks (Doc. 123). This order will set forth the Court's conclusions, which are largely consistent with its previous order regarding Defendant Bonetto. Doc. 89.

1. Defendants will be permitted to ask witness Kendall Nez on cross-examination whether he lied to the FBI in connection with the November 6, 2012 shooting of Mr. Nez. Fed. R. Evid. 608(b). This questioning necessarily will require some evidence that the shooting occurred. The Court will make determinations during trial on the extent to which details of the shooting should be revealed, but generally holds the view that the jury needs to hear only enough detail to understand defense questions concerning whether Mr. Nez lied to investigators. Extrinsic evidence of any such lie will not be permitted. *Id.*

2. Defendants will be permitted to present evidence that Mr. Nez has a motive for testifying favorably for the government – namely, that he faces possible charges for possessing a gun on November 6, 2012. This questioning necessarily will require some evidence that a gun was found at Mr. Nez's residence after the shooting on November 6, 2012. Again, the extent of that questioning must be determined at trial.

3. Defendant Dellinger may testify that, before the events at issue in this case, he heard that Mr. Nez was trying to commit a criminal or violent act in order to stay in prison and avoid a death threat on the reservation. This evidence will be admitted on the issue of Defendant Dellinger's state of mind, not for the truth of the matter asserted, and the jury will be so instructed.[1] Similarly, Defendant Dellinger may testify that he knew, before the events at issue in this case, of Mr. Nez's convictions for violent crimes or of his violent actions within the prison. "[A] defendant claiming self defense may show his own state of mind by testifying that he knew of the victim's prior acts of violence." *United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999). The extent of the testimony Defendant Dellinger may give regarding his knowledge of Mr. Nez's prior crimes or acts must be determined during trial. Defendant should be permitted enough evidence to support his defense, but unnecessary detail regarding Mr. Nez's past violent acts will raise issues under Rule 403.

4. Defendant Dellinger will be permitted to present evidence from other

---

[1] Counsel for all parties should remind the Court of the need for this instruction.

witnesses that they told Defendant Dellinger, before the events at issue in this case, that Mr. Nez was trying to commit a criminal or violent act in order to stay in prison and avoid a death threat on the reservation. The Court also concludes, after reviewing relevant Ninth Circuit law, that Defendant Dellinger can ask Mr. Nez if he told others he was trying to commit a criminal or violent act in order to stay in prison and avoid a death threat on the reservation. Evidence from Mr. Nez and a witness who conveyed this information to Defendant Dellinger will corroborate Defendant Dellinger's testimony that he heard such reports before the events in question. Because of hearsay concerns, such evidence will not be admitted for the truth of the matter asserted – that Nez was trying to commit a criminal or violent act in order to stay in prison and avoid a death threat on the reservation – but to corroborate Defendant Dellinger's account of what he heard.[2] The Ninth Circuit has held that extrinsic evidence that tends to corroborate a criminal defendant's explanation of why he feared the victim is admissible. *Saenz*, 179 F.3d at 688-89; *United States v. James*, 169 F.3d 1210 (9th Cir. 1999). As the Ninth Circuit explained: "The law of this circuit is crystal-clear that corroboration of a key prosecution witness by the introduction of criminal records is permissible, even at the risk of some prejudice to the defendant on trial. We should not have one rule for the prosecution and another rule for the defense." *Id*. at 1214.

     5.     Defendants may not present evidence or argument that Mr. Nez possessed a gun on November 6, 2012, in order to suggest that he has a character for violence or deceit. The probative value of such evidence is marginal at best and is substantially outweighed by the risk of unfair prejudice, confusion, and prolonging the trial under Rule 403.

     6.     As suggested above, evidence about Mr. Nez's criminal or disciplinary record will be relevant only if it was known to Defendants at the time of the events at issue in this case, except that conviction evidence may be admissible under Rule 609 if Mr. Nez testifies.

---

[2] Counsel for all parties should remind the Court of the need for this instruction.

7. The Court has several thoughts with respect to issues raised in the government's most recent motion in limine (Doc. 123), although final evidentiary rulings must await the presentation of evidence at trial. Under Rule 404(a)(2)(A), Defendants may introduce evidence of "pertinent" character traits. This may include evidence of good character or a law-abiding nature, and constitutes an express exception in criminal cases to Rule 404(a)(1)'s general ban on propensity evidence. Vol. 2, Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, §§ 404.11[1], 404.11[2][a] (Matthew Bender 2d ed. 2012). Such evidence must be presented in the form of reputation or opinion, and not in the form of specific instances of conduct, unless a defendant's character is an essential element of a charge or defense. Fed. R. Ev. 405(a).

In this case, Defendants' character is not an essential element of any charge or defense. Rather, good character evidence will be presented to support Defendants' position on another central issue – willfulness. As a result, good character evidence must be limited to reputation or opinion evidence under Rule 405.

If Defendants seek to introduce specific instances of conduct, such as prior events where they acted in a particular way or prior periods of time when they engaged in good conduct and received commendations as a result, they must satisfy Rule 404(b). In this circuit, the test for admitting evidence under Rule 404(b) is whether: (1) it tends to prove a material fact; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the person committed the act; and (4) where knowledge and intent are at issue, the act is similar to that charged. *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996); *see also Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (same four-part test). The Court must also find that the evidence is admissible under Rule 403. *Duran*, 221 F.3d at 1133.

The most likely purpose for Defendants' other act evidence would be to address their intent – to show that Defendant Dellinger did not intend to violate the constitutional rights of Mr. Nez and that neither Defendant intended to obstruct justice. Under the Ninth Circuit test, however, prior act evidence probative of intent must concern events

similar to the conduct charged, in addition to satisfying the other elements set forth above.  Whether evidence offered by Defendants satisfies this requirement, and otherwise is presented in admissible form, must be decided at trial.

Defendant Dellinger argued in his briefing and at the hearing that evidence of "how he does his job" will be directly responsive to the government's charge that he performed his prison-guard job improperly in this case.  But even if that were true, prior act evidence – evidence of acts unrelated to this case – must be admissible under either Rule 404(b) or Rule 405(b).  The Court has already concluded that prior acts are not admissible under Rule 405(b) because Defendants' character is not an element of the charges or defenses in this case.  If the prior act evidence is to be admitted, therefore, it must satisfy Rule 404(b) and the four-part test set forth above.

**IT IS ORDERED** that the government's motion in limine (Doc. 123) is **granted in part and denied in part** consistent with this order**.**

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to run from 10/17/2013.

Dated this 5th day of November, 2013.

_____
David G. Campbell
United States District Judge